Denise S. Benson, Esq., Assistant Federal Public Defender, Federal Defender's Office, Sherman, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jose Saul Marraquin Orellana (Marraquin) has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Marraquin has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Luis Mario TIRADO–HERNANDEZ,**
**Defendant–Appellant.**

**No. 15–40620**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Scott Andrew Martin, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, Francisco Valcarcel, Federal Public Defender's Office, Laredo, TX, Defendant–Appellant.

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Luis Mario Tirado–Hernandez (Tirado) has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Tirado has not filed a re-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sponse. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Keith DODDS, Plaintiff–Appellee

v.

**TERRACON CONSULTANTS, INC.,** Defendant–Appellant.

No. 15–20313.

United States Court of Appeals, Fifth Circuit.

Feb. 17, 2016.

William Craft Hughes, Hughes Ellzey, L.L.P., Houston, TX, for Plaintiff–Appellee.

Jeffrey William Barnes, Jackson Lewis, L.L.P., Houston, TX, for Defendant–Appellant.

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM: *

We granted an interlocutory appeal to address the legal question whether Plaintiff–Appellee Keith Dodds has a cause of action against his former employer, Defendant–Appellant Terracon Consultants, Inc., under Texas's common law tort for wrongful termination first announced in *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). After reviewing the record and hearing oral arguments, however, we have concluded that this interlocutory appeal was improvidently granted. When we have accepted for interlocutory appeal under 28 U.S.C. § 1292(b) a case that we conclude, on further consideration, is not suitable for such appeal, we may vacate our order accepting appellate jurisdiction, relinquish jurisdiction, and remand the case to the district court. *Parcel Tankers, Inc. v. Formosa Plastics Corp.,* 764 F.2d 1153, 1156 (5th Cir.1985); *see* 16 Wright et al., *Federal Practice & Procedure* § 3929 (3d ed. 2015) ("Court of appeals discretion extends beyond the initial decision to permit appeal. Discretion also is exercised by vacating an initial grant of permission when further consideration of the case shows that the grant was improvident."). Vacatur and remand is appropriate here.

Although Terracon argues that Dodds has no *Sabine Pilot* claim in light of an alternative statutory remedy, there is an underlying factual question in this case that may render this legal question non-dispositive. The district court denied summary judgment on Terracon's legal argument, but it also left to the jury the factual question whether Dodds was actually fired by Terracon for refusing to violate the law. As the district court recognized, this factual dispute is material to determining Dodds's *Sabine Pilot* claim. If the jury

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.